**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| JOAO CONTROL & MONITORING SYSTEMS, LLC,<br><br>          Plaintiff,<br><br>v.<br><br>VOLKSWAGEN GROUP OF AMERICA, INC., AUDI OF AMERICA, LLC, and BENTLEY MOTORS, INC.,<br><br>          Defendants. | Civil Action No. _____<br><br>**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**<br><br>JURY TRIAL DEMANDED |

Plaintiff Joao Control & Monitoring Systems, LLC ("Plaintiff" or "JCMS"), by and through its undersigned counsel, files this Original Complaint for Patent Infringement against Defendants Volkswagen Group of America, Inc. ("VW Group"), Audi of America, LLC, ("Audi"), and Bentley Motors, Inc. ("Bentley")(collectively, "Defendants") as follows:

**NATURE OF THE ACTION**

1.     This is a patent infringement action to stop Defendants' infringement of Plaintiff's United States Patent No. 5,917,405 entitled "Control Apparatus and Methods for Vehicles" (hereinafter, the "'405 Patent"; a copy of which is attached hereto as Exhibit A), United States Patent No. 6,542,076 entitled "Control, Monitoring and/or Security Apparatus and Method" (the "'076 Patent"; a copy of which is attached hereto as Exhibit B), United States Patent No. 6,549,130 entitled "Control Apparatus and Method for Vehicles and/or for Premises" (the "'130 Patent"; a copy of which is attached hereto as Exhibit C), and United States Patent No. 7,397,363 entitled *"Control and/or Monitoring Apparatus and Method"* (the "'363 Patent"; a

copy of which is attached hereto as Exhibit D) (hereinafter the "Patents-in-Suit"). Plaintiff is the owner of the '405 Patent, the '076 Patent, the '130 Patent, and the '363 Patent. Plaintiff seeks injunctive relief and monetary damages.

## PARTIES

2.     JCMS is a limited liability company organized and existing under the laws of the state of Delaware. Plaintiff maintains its principal place of business at 122 Bellevue Place, Yonkers, Westchester County, New York, 10703. Plaintiff is the owner of the Patents-in-Suit, and possesses all rights thereto, including the exclusive right to exclude the Defendants from making, using, selling, offering to sell or importing in this district and elsewhere into the United States the patented invention(s) of the Patents-in-Suit, the right to sublicense the Patents-in-Suit, and to sue the Defendants for infringement and recover past damages.

3.     Upon information and belief, VW Group is a corporation duly organized and existing under the laws of the State of New Jersey since October, 1955, having its principal place of business located at 2200 Ferdinand Porsche Drive, Herndon, Virginia, 20171. VW Group is a registered Delaware foreign corporation and may be served through its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware, 19808.

4.     Upon information and belief, Audi is a limited liability company duly organized and existing under the laws of the State of Delaware since December 13, 2006 having its principal place of business located at 2200 Ferdinand Porsche Drive, Herndon, Virginia, 20171. Audi may be served through its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware, 19808.

5.     Upon information and belief, Bentley is a corporation duly organized and existing under the laws of the State of Delaware since May 17, 1957 having its principal place of business

located at 2200 Ferdinand Porsche Drive, Herndon, Virginia, 20171.   Bentley may be served through its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware, 19808.

6.      Upon information and belief, VW Group ships, distributes, offers for sale, sells, and/or advertises its Products and Services, namely vehicles equipped with systems that may be electronically controlled from a remote location, under the brand name "Volkswagen."

7.      Upon information and belief, Audi ships, distributes, offers for sale, sells, and/or advertises its Products and Services, namely vehicles equipped with systems that may be electronically controlled from a remote location, under the brand name "Audi."

8.      Upon information and belief, Bentley ships, distributes, offers for sale, sells, and/or advertises its Products and Services, namely vehicles equipped with systems that may be electronically controlled from a remote location, under the brand name "Bentley."

9.      Upon information and belief, VW Group houses the operations of Audi and Bentley in the United States.

10.     Upon information and belief, VW Group is a wholly-owned subsidiary of Volkswagen AG which owns the brands Volkswagen, Audi, and Bentley.

## JURISDICTION AND VENUE

11.     This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285.   This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

12.     The Court has personal jurisdiction over Defendants because: Defendants have minimum contacts within the State of Delaware and in the District of Delaware; Defendants have

purposefully availed themselves of the privileges of conducting business in the State of Delaware and in the District of Delaware; Defendants have sought protection and benefit from the laws of the State of Delaware; Defendants regularly conduct business within the State of Delaware and within the District of Delaware, and Plaintiff's causes of action arise directly from Defendants' business contacts and other activities in the State of Delaware and in the District of Delaware.

13.     More specifically, Defendants, directly and/or through its intermediaries, ship, distribute, offer for sale, sell, and/or advertise (including the provision of an interactive web page) their products and services in the United States, the State of Delaware, and the District of Delaware.  Upon information and belief, Defendants have committed patent infringement in the State of Delaware and in the District of Delaware.  Defendants solicit customers in the State of Delaware and in the District of Delaware.  Defendants have many paying customers who are residents of the State of Delaware and the District of Delaware and who use Defendants' products and services in the State of Delaware and in the District of Delaware.

14.     Venue is proper in the District of Delaware pursuant to 28 U.S.C. §§ 1391 and 1400(b).


## BACKGROUND INFORMATION

15.     The '405 Patent was duly and legally issued by the United States Patent and Trademark Office on June 29, 1999 after full and fair examination.  Plaintiff is the owner of the '405 Patent, and possesses all right, title and interest in the '405 Patent including the right to enforce the '405 Patent, and the right to sue Defendants for infringement and recover past damages.

16.     The '076 Patent was duly and legally issued by the United States Patent and Trademark Office on April 1, 2003 after full and fair examination.  Plaintiff is the owner of the '076 Patent, and possesses all right, title and interest in the '076 Patent including the right to enforce the '076 Patent, and the right to sue Defendants for infringement and recover past damages.

17.     The '130 Patent was duly and legally issued by the United States Patent and Trademark Office on April 15, 2003 after full and fair examination.  Plaintiff is the owner of the '130 Patent, and possesses all right, title and interest in the '130 Patent including the right to enforce the '130 Patent, and the right to sue Defendants for infringement and recover past damages.

18.     The '363 Patent was duly and legally issued by the United States Patent and Trademark Office on July 8, 2008, after full and fair examination.  Plaintiff is the owner of the '363 Patent and possesses all substantive rights and rights of recovery under the '363 Patent, including the right to sue for infringement and recover past damages.

19.     On information and belief, VW Group has had knowledge of the Patents-in-Suit as early as February 18, 2013, the date Plaintiff sent a letter to Mr. Jonathan Browning, President and Chief Executive Officer of VW Group, informing VW Group of the Patents-in-Suit. Attached hereto as Exhibit E.

20.     On information and belief, VW Group operates, advertises, and/or controls the websites, www.volkswagengroupamerica.com, through which VW Group advertises, sells, offers to sell, provides and/or educates customers about its products and services.

21.     On information and belief, Audi has had knowledge of the Patents-in-Suit as early as February 18, 2013, the date Plaintiff sent a letter to Mr. Mark Del Rosso, Executive Vice

President and Chief Operating Officer of Audi, informing Audi of the Patents-in-Suit.  Attached hereto as Exhibit F.

22.     On information and belief, Audi operates, advertises, and/or controls the websites, www.audiusa.com, through which Audi advertises, sells, offers to sell, provides and/or educates customers about its products and services.

23.     On information and belief, Bentley has had knowledge of the Patents-in-Suit as early as March 5 2013, the date Plaintiff sent a letter to Mr. Christophe Georges, President and Chief Operating Officer of Bentley, informing Bentley of the Patents-in-Suit.  Attached hereto as Exhibit G.

24.     On information and belief, Bentley operates, advertises, and/or controls the websites, www.bentleymotors.com, through which Bentley advertises, sells, offers to sell, provides and/or educates customers about its products and services.

## COUNT I
## PATENT INFRINGEMENT BY VW GROUP

25.     Plaintiff re-alleges and incorporates by reference each of Paragraphs 1-24 above.

26.     Plaintiff is informed and believes that VW Group has infringed and continues to infringe the '405 Patent either literally or under the doctrine of equivalents.  Upon information and belief, VW Group has infringed and continues to infringe one or more claims of the '405 Patent by advertising, providing, selling, and using an apparatus capable of remotely controlling a vehicle system.  VW Group provides an onboard computer, incorporated into VW Group's vehicles, that enables remote control of a vehicle system.  Specifically, one or more of VW Group's Products and Services, including but not limited to the Bluetooth® Calling, Bluetooth® Audio Streaming, and SiriusXM™ radio through the onboard computer functionality offered in

its vehicles, infringe one or more of the claims of the '405 Patent via signals between a communication device (in the case of Bluetooth®) or Server (in the case of SiriusXM$^{TM}$) located remote from the vehicle and satellite or cellular station, a satellite or cellular station located remote from the vehicle and communication device or Server, and the onboard computer located at the vehicle which activates the vehicle's audio system.  VW Group's infringing Products and Services are available for sale on its website www.volkswagengroupamerica.com and through various retailers located in this district.

27.     Plaintiff is informed and believes that VW Group and its customers collectively have infringed and continue to infringe the '405 Patent either literally or under the doctrine of equivalents.  Upon information and belief, VW Group and its customers have infringed and continue to infringe one or more claims of the '405 Patent by advertising, providing, selling, and using an apparatus capable of remotely controlling a vehicle system.  VW Group provides an onboard computer, incorporated into VW Group's vehicles, that enables VW Group's customers to remotely control a vehicle system.  Specifically, one or more of VW Group's Products and Services, including but not limited to the Bluetooth® Calling, Bluetooth® Audio Streaming, and SiriusXM$^{TM}$ radio through the onboard computer functionality offered in VW Group's vehicles, infringe one or more of the claims of the '405 Patent via signals between a communication device (in the case of Bluetooth®) or Server (in the case of SiriusXM$^{TM}$) located remote from the vehicle and satellite or cellular station, a satellite or cellular station located remote from the vehicle and communication device or Server, and the onboard computer located at the vehicle which activates the vehicle's audio system.  VW Group's infringing Products and Services are available for sale on its website www.volkswagengroupamerica.com and through various retailers located in this district.

28.     Upon information and belief, VW Group has intentionally induced and continues to induce infringement of one or more claims of the '405 Patent in this district and elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled and otherwise caused its customers to use VW Group's vehicles as previously described in this Count.  Despite its knowledge of the existence of the '405 Patent since as early as February 18, 2013, VW Group, upon information and belief, continues to encourage, instruct, enable and otherwise cause its customers to use its Products and Services in a manner which infringes the '405 Patent.  Upon information and belief, VW Group has specifically intended that its customers use its Products and Services in such a way that infringes the '405 Patent by, at a minimum, providing and supporting the Products and Services and instructing its customers on how to use said Products and Services in such a way that infringes the '405 Patent and knew that its actions, including but not limited to providing said Products and Services and instruction, would induce, have induced, and will continue to induce infringement by its customers.

29.     Plaintiff is informed and believes that VW Group has infringed and continues to infringe the '076 Patent either literally or under the doctrine of equivalents.  Upon information and belief, VW Group has infringed and continues to infringe one or more claims of the '076 Patent by advertising and using an apparatus capable of remotely controlling a vehicle system. VW Group provides an onboard computer, incorporated into VW Group's vehicles, which enables remote control of a vehicle system.  Specifically, one or more of VW Group's Products and Services, including but not limited to the Bluetooth® Calling, Bluetooth® Audio Streaming, and SiriusXM™ radio through the onboard computer functionality offered in VW Group's vehicles, infringe one or more of the claims of the '076 Patent via signals between a

communication device (in the case of Bluetooth®) or Server (in the case of SiriusXM$^{TM}$) located remote from the vehicle and satellite or cellular station, a satellite or cellular station located remote from the vehicle and communication device or Server, and the onboard computer located at the vehicle which activates the vehicle's audio system.  VW Group's infringing Products and Services are available for sale on its website www.volkswagengroupamerica.com and through various retailers located in this district.

30.     Plaintiff is informed and believes that VW Group and its customers collectively have infringed and continue to infringe the '076 Patent either literally or under the doctrine of equivalents.  Upon information and belief, VW Group and its customers have infringed and continue to infringe one or more claims of the '076 Patent by advertising and using an apparatus capable of remotely controlling a vehicle system.  VW Group provides an onboard computer, incorporated into VW Group's vehicles, which enables VW Group's customers to remotely control a vehicle system.  Specifically, one or more of VW Group's Products and Services, including but not limited to the Bluetooth® Calling, Bluetooth® Audio Streaming, and SiriusXM$^{TM}$ radio through the onboard computer functionality offered in VW Group's vehicles, infringe one or more of the claims of the '076 Patent via signals between a communication device (in the case of Bluetooth®) or Server (in the case of SiriusXM$^{TM}$) located remote from the vehicle and satellite or cellular station, a satellite or cellular station located remote from the vehicle and communication device or Server, and the onboard computer located at the vehicle which activates the vehicle's audio system.  VW Group's infringing Products and Services are available for sale on its website www.volkswagengroupamerica.com and through various retailers located in this district.

31.     Upon information and belief, VW Group has intentionally induced and continues to induce infringement of one or more claims of the '076 Patent in this district and elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled and otherwise caused its customers to use VW Group's vehicles as previously described in this Count.  Despite its knowledge of the existence of the '076 Patent since as early as February 18, 2013, VW Group, upon information and belief, continues to encourage, instruct, enable and otherwise cause its customers to use its Products and Services in a manner which infringes the '076 Patent.  Upon information and belief, VW Group has specifically intended that its customers use its Products and Services in such a way that infringes the '076 Patent by, at a minimum, providing and supporting the Products and Services and instructing its customers on how to use said Products and Services in such a way that infringes the '076 Patent and knew that its actions, including but not limited to providing said Products and Services and instruction, would induce, have induced, and will continue to induce infringement by its customers.

32.     Plaintiff is informed and believes that VW Group has infringed and continues to infringe the '130 Patent either literally or under the doctrine of equivalents.  Upon information and belief, VW Group has infringed and continues to infringe one or more claims of the '130 Patent by advertising and using an apparatus capable of remotely controlling a vehicle system. VW Group provides an onboard computer, incorporated into VW Group's vehicles, which enables remote control of a vehicle system.  Specifically, one or more of VW Group's Products and Services, including but not limited to the Bluetooth® Calling, Bluetooth® Audio Streaming, and SiriusXM$^{TM}$ radio through the onboard computer functionality offered in VW Group's vehicles, infringe one or more of the claims of the '130 Patent via signals between a

communication device (in the case of Bluetooth®) or Server (in the case of SiriusXM$^{TM}$) located remote from the vehicle and satellite or cellular station, a satellite or cellular station located remote from the vehicle and communication device or Server, and the onboard computer located at the vehicle which activates the vehicle's audio system.  VW Group's infringing Products and Services are available for sale on its website www.volkswagengroupamerica.com and through various retailers located in this district.

33.     Plaintiff is informed and believes that VW Group and its customers collectively have infringed and continue to infringe the '130 Patent either literally or under the doctrine of equivalents.  Upon information and belief, VW Group and its customers have infringed and continue to infringe one or more claims of the '130 Patent by advertising and using an apparatus capable of remotely controlling a vehicle system.  VW Group provides an onboard computer, incorporated into VW Group's vehicles, which enables VW Group's customers to remotely control a vehicle system.  Specifically, one or more of VW Group's Products and Services, including but not limited to the Bluetooth® Calling, Bluetooth® Audio Streaming, and SiriusXM$^{TM}$ radio through the onboard computer functionality offered in VW Group's vehicles, infringe one or more of the claims of the '130 Patent via signals between a communication device (in the case of Bluetooth®) or Server (in the case of SiriusXM$^{TM}$) located remote from the vehicle and satellite or cellular station, a satellite or cellular station located remote from the vehicle and communication device or Server, and the onboard computer located at the vehicle which activates the vehicle's audio system.  VW Group's infringing Products and Services are available for sale on its website www.volkswagengroupamerica.com and through various retailers located in this district.

34.    Upon information and belief, VW Group has intentionally induced and continues to induce infringement of one or more claims of the '130 Patent in this district and elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled and otherwise caused its customers to use VW Group's vehicles as previously described in this Count.  Despite its knowledge of the existence of the '130 Patent since as early as February 18, 2013, VW Group, upon information and belief, continues to encourage, instruct, enable and otherwise cause its customers to use its Products and Services in a manner which infringes the '130 Patent.   Upon information and belief, VW Group has specifically intended that its customers use its Products and Services in such a way that infringes the '130 Patent by, at a minimum, providing and supporting the Products and Services and instructing its customers on how to use said Products and Services in such a way that infringes the '130 Patent and knew that its actions, including but not limited to providing said Products and Services and instruction, would induce, have induced, and will continue to induce infringement by its customers.

35.    VW Group's aforesaid activities have been without authority and/or license from Plaintiff.

36.    Despite its knowledge of the '405 Patent, known of at least since February 18, 2013 and without a reasonable basis for continuing the infringing activities previously described in this Count, on information and belief, VW Group has willfully infringed the '405 Patent.

37.    Despite its knowledge of the '076 Patent, known of at least since February 18, 2013 and without a reasonable basis for continuing the infringing activities as previously described in this Count, on information and belief, VW Group has willfully infringed the '076 Patent.

38. Despite its knowledge of the '130 Patent, known of at least since February 18, 2013 and without a reasonable basis for continuing the infringing activities as previously described in this Count, on information and belief, VW Group has willfully infringed the '130 Patent.

39. Plaintiff is entitled to recover from VW Group the damages sustained by Plaintiff as a result of VW Group's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.


## COUNT II
## PATENT INFRINGEMENT BY AUDI

40. Plaintiff re-alleges and incorporates by reference each of Paragraphs 1-24 above.

41. Plaintiff is informed and believes that Audi has infringed and continues to infringe the '405 Patent either literally or under the doctrine of equivalents. Upon information and belief, Audi has infringed and continues to infringe one or more claims of the '405 Patent by advertising, providing, selling, and using an apparatus capable of remotely controlling a vehicle system. Audi provides an onboard computer, incorporated into Audi's vehicles, that enables remote control of a vehicle system. Specifically, one or more of Audi's Products and Services, including but not limited to the Bluetooth® Calling, Bluetooth® Audio Streaming, and SiriusXM™ radio through the onboard computer functionality offered in its vehicles, infringe one or more of the claims of the '405 Patent via signals between a communication device (in the case of Bluetooth®) or Server (in the case of SiriusXM™) located remote from the vehicle and satellite or cellular station, a satellite or cellular station located remote from the vehicle and communication device or Server, and the onboard computer located at the vehicle which

activates the vehicle's audio system.  Audi's infringing Products and Services are available for sale on its website www.audiusa.com and through various retailers located in this district.

42.    Plaintiff is informed and believes that Audi and its customers collectively have infringed and continue to infringe the '405 Patent either literally or under the doctrine of equivalents.  Upon information and belief, Audi Audi and its customers have infringed and continue to infringe one or more claims of the '405 Patent by advertising, providing, selling, and using an apparatus capable of remotely controlling a vehicle system.  Audi provides an onboard computer, incorporated into Audi's vehicles, that enables Audi's customers to remotely control a vehicle system.  Specifically, one or more of Audi's Products and Services, including but not limited to the Bluetooth® Calling, Bluetooth® Audio Streaming, and SiriusXM$^{TM}$ radio through the onboard computer functionality offered in Audi's vehicles, infringe one or more of the claims of the '405 Patent via signals between a communication device (in the case of Bluetooth®) or Server (in the case of SiriusXM$^{TM}$) located remote from the vehicle and satellite or cellular station, a satellite or cellular station located remote from the vehicle and communication device or Server, and the onboard computer located at the vehicle which activates the vehicle's audio system.  Audi's infringing Products and Services are available for sale on its website www.audiusa.com and through various retailers located in this district.

43.    Upon information and belief, Audi has intentionally induced and continues to induce infringement of one or more claims of the '405 Patent in this district and elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled and otherwise caused its customers to use Audi's vehicles as previously described in this Count.  Despite its knowledge of the existence of the '405 Patent since as early as February 18, 2013, Audi, upon information and belief, continues to encourage, instruct, enable

and otherwise cause its customers to use its Products and Services in a manner which infringes the '405 Patent.  Upon information and belief, Audi has specifically intended that its customers use its Products and Services in such a way that infringes the '405 Patent by, at a minimum, providing and supporting the Products and Services and instructing its customers on how to use said Products and Services in such a way that infringes the '405 Patent and knew that its actions, including but not limited to providing said Products and Services and instruction, would induce, have induced, and will continue to induce infringement by its customers.

44.    Plaintiff is informed and believes that Audi has infringed and continues to infringe the '076 Patent either literally or under the doctrine of equivalents.  Upon information and belief, Audi has infringed and continues to infringe one or more claims of the '076 Patent by advertising and using an apparatus capable of remotely controlling a vehicle system.  Audi provides an onboard computer, incorporated into Audi's vehicles, which enables remote control of a vehicle system.  Specifically, one or more of Audi's Products and Services, including but not limited to the Bluetooth® Calling, Bluetooth® Audio Streaming, and SiriusXM™ radio through the onboard computer functionality offered in Audi's vehicles, infringe one or more of the claims of the '076 Patent via signals between a communication device (in the case of Bluetooth®) or Server (in the case of SiriusXM™) located remote from the vehicle and satellite or cellular station, a satellite or cellular station located remote from the vehicle and communication device or Server, and the onboard computer located at the vehicle which activates the vehicle's audio system.  Audi's infringing Products and Services are available for sale on its website www.audiusa.com and through various retailers located in this district.

45.    Plaintiff is informed and believes that Audi and its customers collectively have infringed and continue to infringe the '076 Patent either literally or under the doctrine of

equivalents.  Upon information and belief, Audi and its customers have infringed and continue to infringe one or more claims of the '076 Patent by advertising and using an apparatus capable of remotely controlling a vehicle system.  Audi provides an onboard computer, incorporated into Audi's vehicles, which enables Audi's customers to remotely control a vehicle system. Specifically, one or more of Audi's Products and Services, including but not limited to the Bluetooth® Calling, Bluetooth® Audio Streaming, and SiriusXM$^{TM}$ radio through the onboard computer functionality offered in Audi's vehicles, infringe one or more of the claims of the '076 Patent via signals between a communication device (in the case of Bluetooth®) or Server (in the case of SiriusXM$^{TM}$) located remote from the vehicle and satellite or cellular station, a satellite or cellular station located remote from the vehicle and communication device or Server, and the onboard computer located at the vehicle which activates the vehicle's audio system.  Audi's infringing Products and Services are available for sale on its website www.audiusa.com and through various retailers located in this district.

46.    Upon information and belief, Audi has intentionally induced and continues to induce infringement of one or more claims of the '076 Patent in this district and elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled and otherwise caused its customers to use Audi's vehicles as previously described in this Count.  Despite its knowledge of the existence of the '076 Patent since as early as February 18, 2013, Audi, upon information and belief, continues to encourage, instruct, enable and otherwise cause its customers to use its Products and Services in a manner which infringes the '076 Patent.  Upon information and belief, Audi has specifically intended that its customers use its Products and Services in such a way that infringes the '076 Patent by, at a minimum, providing and supporting the Products and Services and instructing its customers on how to use

said Products and Services in such a way that infringes the '076 Patent and knew that its actions, including but not limited to providing said Products and Services and instruction, would induce, have induced, and will continue to induce infringement by its customers.

47.     Plaintiff is informed and believes that Audi has infringed and continues to infringe the '130 Patent either literally or under the doctrine of equivalents.  Upon information and belief, Audi has infringed and continues to infringe one or more claims of the '130 Patent by advertising and using an apparatus capable of remotely controlling a vehicle system.  Audi provides an onboard computer, incorporated into Audi's vehicles, which enables remote control of a vehicle system.  Specifically, one or more of Audi's Products and Services, including but not limited to the Bluetooth® Calling, Bluetooth® Audio Streaming, and SiriusXM$^{TM}$ radio through the onboard computer functionality offered in Audi's vehicles, infringe one or more of the claims of the '130 Patent via signals between a communication device (in the case of Bluetooth®) or Server (in the case of SiriusXM$^{TM}$) located remote from the vehicle and satellite or cellular station, a satellite or cellular station located remote from the vehicle and communication device or Server, and the onboard computer located at the vehicle which activates the vehicle's audio system.  Audi's infringing Products and Services are available for sale on its website www.audiusa.com and through various retailers located in this district.

48.     Plaintiff is informed and believes that Audi and its customers collectively have infringed and continue to infringe the '130 Patent either literally or under the doctrine of equivalents.  Upon information and belief, Audi and its customers have infringed and continue to infringe one or more claims of the '130 Patent by advertising and using an apparatus capable of remotely controlling a vehicle system.  Audi provides an onboard computer, incorporated into Audi's vehicles, which enables Audi's customers to remotely control a vehicle system.

Specifically, one or more of Audi's Products and Services, including but not limited to the Bluetooth® Calling, Bluetooth® Audio Streaming, and SiriusXM$^{TM}$ radio through the onboard computer functionality offered in Audi's vehicles, infringe one or more of the claims of the '130 Patent via signals between a communication device (in the case of Bluetooth®) or Server (in the case of SiriusXM$^{TM}$) located remote from the vehicle and satellite or cellular station, a satellite or cellular station located remote from the vehicle and communication device or Server, and the onboard computer located at the vehicle which activates the vehicle's audio system.  Audi's infringing Products and Services are available for sale on its website www.audiusa.com and through various retailers located in this district.

49.     Upon information and belief, Audi has intentionally induced and continues to induce infringement of one or more claims of the '130 Patent in this district and elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled and otherwise caused its customers to use Audi's vehicles as previously described in this Count.  Despite its knowledge of the existence of the '130 Patent since as early as February 18, 2013, Audi, upon information and belief, continues to encourage, instruct, enable and otherwise cause its customers to use its Products and Services in a manner which infringes the '130 Patent.  Upon information and belief, Audi has specifically intended that its customers use its Products and Services in such a way that infringes the '130 Patent by, at a minimum, providing and supporting the Products and Services and instructing its customers on how to use said Products and Services in such a way that infringes the '130 Patent and knew that its actions, including but not limited to providing said Products and Services and instruction, would induce, have induced, and will continue to induce infringement by its customers.

50.     Plaintiff is informed and believes that Audi has infringed and continues to infringe the '363 Patent either literally or under the doctrine of equivalents.  Upon information and belief, Audi has infringed and continues to infringe one or more claims of the '363 Patent by advertising and using an apparatus capable of remotely controlling a vehicle system.  Audi provides an onboard computer, incorporated into Audi's vehicles, which enables remote control of a vehicle system.  Specifically, one or more of Audi's Products and Services, including but not limited to the myAudi Destination through the onboard computer functionality offered in Audi's vehicles, infringe one or more of the claims of the '363 Patent via signals between a communication device enabled with a web browser such as a computer or smartphone located remote from the vehicle and the myAudi Server, the myAudi Server located remote from the vehicle and communication device, and the onboard computer located at the vehicle which activates the vehicle's navigation system.  Audi's infringing Products and Services are available for sale on its website www.audiusa.com and through various retailers located in this district.

51.     Plaintiff is informed and believes that Audi and its customers collectively have infringed and continue to infringe the '363 Patent either literally or under the doctrine of equivalents.  Upon information and belief, Audi and its customers have infringed and continue to infringe one or more claims of the '363 Patent by advertising and using an apparatus capable of remotely controlling a vehicle system.  Audi provides an onboard computer, incorporated into Audi's vehicles, which enables Audi's customers to remotely control a vehicle system. Specifically, one or more of Audi's Products and Services, including but not limited to the myAudi Destination through the onboard computer functionality offered in Audi's vehicles, infringe one or more of the claims of the '363 Patent via signals between a communication device enabled with a web browser such as a computer or smartphone located remote from the

vehicle and the myAudi Server, the myAudi Server located remote from the vehicle and communication device, and the onboard computer located at the vehicle which activates the vehicle's navigation system.  Audi's infringing Products and Services are available for sale on its website www.audiusa.com and through various retailers located in this district.

52.     Upon information and belief, Audi has intentionally induced and continues to induce infringement of one or more claims of the '363 Patent in this district and elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled and otherwise caused its customers to use Audi's vehicles as previously described in this Count.  Despite its knowledge of the existence of the '363 Patent since as early as February 18, 2013, Audi, upon information and belief, continues to encourage, instruct, enable and otherwise cause its customers to use its Products and Services in a manner which infringes the '363 Patent.  Upon information and belief, Audi has specifically intended that its customers use its Products and Services in such a way that infringes the '363 Patent by, at a minimum, providing and supporting the Products and Services and instructing its customers on how to use said Products and Services in such a way that infringes the '363 Patent and knew that its actions, including but not limited to providing said Products and Services and instruction, would induce, have induced, and will continue to induce infringement by its customers.

53.     Audi's aforesaid activities have been without authority and/or license from Plaintiff.

54.     Despite its knowledge of the '405 Patent, known of at least since February 18, 2013 and without a reasonable basis for continuing the infringing activities previously described in this Count, on information and belief, Audi has willfully infringed the '405 Patent.

55.     Despite its knowledge of the '076 Patent, known of at least since February 18, 2013 and without a reasonable basis for continuing the infringing activities as previously described in this Count, on information and belief, Audi has willfully infringed the '076 Patent.

56.     Despite its knowledge of the '130 Patent, known of at least since February 18, 2013 and without a reasonable basis for continuing the infringing activities as previously described in this Count, on information and belief, Audi has willfully infringed the '130 Patent.

57.     Despite its knowledge of the '363 Patent, known of at least since February 18, 2013 and without a reasonable basis for continuing the infringing activities as previously described in this Count, on information and belief, Audi has willfully infringed and continues to willfully infringe the '363 Patent.

58.     Audi's infringement of Plaintiff's rights under the '363 Patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

59.     Plaintiff is entitled to recover from Audi the damages sustained by Plaintiff as a result of Audi's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT III
## PATENT INFRINGEMENT BY BENTLEY

1.     Plaintiff re-alleges and incorporates by reference each of Paragraphs 1-24 above.

2.     Plaintiff is informed and believes that Bentley has infringed and continues to infringe the '405 Patent either literally or under the doctrine of equivalents.  Upon information and belief, Bentley has infringed and continues to infringe one or more claims of the '405 Patent by advertising, providing, selling, and using an apparatus capable of remotely controlling a

vehicle system.  Bentley provides an onboard computer, incorporated into Bentley's vehicles, that enables remote control of a vehicle system.  Specifically, one or more of Bentley's Products and Services, including but not limited to the Bluetooth® Calling and Bluetooth® Audio Streaming through the onboard computer functionality offered in its vehicles, infringe one or more of the claims of the '405 Patent via signals between a communication device (i.e. cellular phone calling vehicle owner) located remote from the vehicle and cellular station, a cellular station located remote from the vehicle and communication device, and the onboard computer located at the vehicle which activates the vehicle's audio system.  Bentley's infringing Products and Services are available for sale on its website www.bentleymotors.com and through various retailers located in this district.

3.      Plaintiff is informed and believes that Bentley and its customers collectively have infringed and continue to infringe the '405 Patent either literally or under the doctrine of equivalents.  Upon information and belief, Bentley and its customers have infringed and continue to infringe one or more claims of the '405 Patent by advertising, providing, selling, and using an apparatus capable of remotely controlling a vehicle system.   Bentley provides an onboard computer, incorporated into Bentley's vehicles, that enables Bentley's customers to remotely control a vehicle system.   Specifically, one or more of Bentley's Products and Services, including but not limited to the Bluetooth® Calling and Bluetooth® Audio Streaming through the onboard computer functionality offered in its vehicles, infringe one or more of the claims of the '405 Patent via signals between a communication device (i.e. cellular phone calling vehicle owner) located remote from the vehicle and cellular station, a cellular station located remote from the vehicle and communication device, and the onboard computer located at the vehicle which activates the vehicle's audio system.  Bentley's infringing Products and Services are

available for sale on its website www.bentleymotors.com and through various retailers located in this district.

4. Upon information and belief, Bentley has intentionally induced and continues to induce infringement of one or more claims of the '405 Patent in this district and elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled and otherwise caused its customers to use Bentley's vehicles as previously described in this Count. Despite its knowledge of the existence of the '405 Patent since as early as March 5, 2013, Bentley, upon information and belief, continues to encourage, instruct, enable and otherwise cause its customers to use its Products and Services in a manner which infringes the '405 Patent. Upon information and belief, Bentley has specifically intended that its customers use its Products and Services in such a way that infringes the '405 Patent by, at a minimum, providing and supporting the Products and Services and instructing its customers on how to use said Products and Services in such a way that infringes the '405 Patent and knew that its actions, including but not limited to providing said Products and Services and instruction, would induce, have induced, and will continue to induce infringement by its customers.

5. Plaintiff is informed and believes that Bentley has infringed and continues to infringe the '076 Patent either literally or under the doctrine of equivalents. Upon information and belief, Bentley has infringed and continues to infringe one or more claims of the '076 Patent by advertising and using an apparatus capable of remotely controlling a vehicle system. Bentley provides an onboard computer, incorporated into Bentley's vehicles, which enables remote control of a vehicle system. Specifically, one or more of Bentley's Products and Services, including but not limited to the Bluetooth® Calling and Bluetooth® Audio Streaming through the onboard computer functionality offered in its vehicles, infringe one or more of the claims of

the '405 Patent via signals between a communication device (i.e. cellular phone calling vehicle owner) located remote from the vehicle and cellular station, a cellular station located remote from the vehicle and communication device, and the onboard computer located at the vehicle which activates the vehicle's audio system.   Bentley's infringing Products and Services are available for sale on its website www.bentleymotors.com and through various retailers located in this district.

6.      Plaintiff is informed and believes that Bentley and its customers collectively have infringed and continue to infringe the '076 Patent either literally or under the doctrine of equivalents.   Upon information and belief, Bentley and its customers have infringed and continue to infringe one or more claims of the '076 Patent by advertising and using an apparatus capable of remotely controlling a vehicle system.   Bentley provides an onboard computer, incorporated into Bentley's vehicles, which enables Bentley's customers to remotely control a vehicle system. Specifically, one or more of Bentley's Products and Services, including but not limited to the Bluetooth® Calling and Bluetooth® Audio Streaming through the onboard computer functionality offered in its vehicles, infringe one or more of the claims of the '405 Patent via signals between a communication device (i.e. cellular phone calling vehicle owner) located remote from the vehicle and cellular station, a cellular station located remote from the vehicle and communication device, and the onboard computer located at the vehicle which activates the vehicle's audio system.   Bentley's infringing Products and Services are available for sale on its website www.bentleymotors.com and through various retailers located in this district.

7.      Upon information and belief, Bentley has intentionally induced and continues to induce infringement of one or more claims of the '076 Patent in this district and elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged,

instructed, enabled and otherwise caused its customers to use Bentley's vehicles as previously described in this Count. Despite its knowledge of the existence of the '076 Patent since as early as March 5, 2013, Bentley, upon information and belief, continues to encourage, instruct, enable and otherwise cause its customers to use its Products and Services in a manner which infringes the '076 Patent. Upon information and belief, Bentley has specifically intended that its customers use its Products and Services in such a way that infringes the '076 Patent by, at a minimum, providing and supporting the Products and Services and instructing its customers on how to use said Products and Services in such a way that infringes the '076 Patent and knew that its actions, including but not limited to providing said Products and Services and instruction, would induce, have induced, and will continue to induce infringement by its customers.

8.    Plaintiff is informed and believes that Bentley has infringed and continues to infringe the '130 Patent either literally or under the doctrine of equivalents. Upon information and belief, Bentley has infringed and continues to infringe one or more claims of the '130 Patent by advertising and using an apparatus capable of remotely controlling a vehicle system. Bentley provides an onboard computer, incorporated into Bentley's vehicles, which enables remote control of a vehicle system. Specifically, one or more of Bentley's Products and Services, including but not limited to the Bluetooth® Calling and Bluetooth® Audio Streaming through the onboard computer functionality offered in its vehicles, infringe one or more of the claims of the '405 Patent via signals between a communication device (i.e. cellular phone calling vehicle owner) located remote from the vehicle and cellular station, a cellular station located remote from the vehicle and communication device, and the onboard computer located at the vehicle which activates the vehicle's audio system. Bentley's infringing Products and Services are

available for sale on its website www.bentleymotors.com and through various retailers located in this district.

9.      Plaintiff is informed and believes that Bentley and its customers collectively have infringed and continue to infringe the '130 Patent either literally or under the doctrine of equivalents.  Upon information and belief, Bentley and its customers have infringed and continue to infringe one or more claims of the '130 Patent by advertising and using an apparatus capable of remotely controlling a vehicle system.  Bentley provides an onboard computer, incorporated into Bentley's vehicles, which enables Bentley's customers to remotely control a vehicle system.  Specifically, one or more of Bentley's Products and Services, including but not limited to the Bluetooth® Calling and Bluetooth® Audio Streaming through the onboard computer functionality offered in its vehicles, infringe one or more of the claims of the '405 Patent via signals between a communication device (i.e. cellular phone calling vehicle owner) located remote from the vehicle and cellular station, a cellular station located remote from the vehicle and communication device, and the onboard computer located at the vehicle which activates the vehicle's audio system.  Bentley's infringing Products and Services are available for sale on its website www.bentleymotors.com and through various retailers located in this district.

10.      Upon information and belief, Bentley has intentionally induced and continues to induce infringement of one or more claims of the '130 Patent in this district and elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled and otherwise caused its customers to use Bentley's vehicles as previously described in this Count.  Despite its knowledge of the existence of the '130 Patent since as early as March 5, 2013, Bentley, upon information and belief, continues to encourage, instruct, enable and otherwise cause its customers to use its Products and Services in a manner which infringes

the '130 Patent. Upon information and belief, Bentley has specifically intended that its customers use its Products and Services in such a way that infringes the '130 Patent by, at a minimum, providing and supporting the Products and Services and instructing its customers on how to use said Products and Services in such a way that infringes the '130 Patent and knew that its actions, including but not limited to providing said Products and Services and instruction, would induce, have induced, and will continue to induce infringement by its customers.

11.    Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

12.    Despite its knowledge of the '405 Patent, known of at least since March 5, 2013 and without a reasonable basis for continuing the infringing activities previously described in this Count, on information and belief, Bentley has willfully infringed the '405 Patent.

13.    Despite its knowledge of the '076 Patent, known of at least since March 5, 2013 and without a reasonable basis for continuing the infringing activities as previously described in this Count, on information and belief, Bentley has willfully infringed the '076 Patent.

14.    Despite its knowledge of the '130 Patent, known of at least since March 5, 2013 and without a reasonable basis for continuing the infringing activities as previously described in this Count, on information and belief, Bentley has willfully infringed the '130 Patent.

15.    Plaintiff is entitled to recover from Bentley the damages sustained by Plaintiff as a result of Bentley's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.


**JURY DEMAND**

60.     Plaintiff demands a trial by jury on all issues.


## PRAYER FOR RELIEF

Plaintiff respectfully requests the following relief:

A.      An adjudication that one or more claims of the Patents-in-Suit have been infringed, either literally and/or under the doctrine of equivalents, by VW Group and/or its customers and that such infringement is willful;

B.      An adjudication that VW Group has induced infringement of one or more claims of the Patents-in-Suit by VW Group's customers;

C.      An award of damages to be paid by VW Group adequate to compensate Plaintiff for its past infringement, including interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary to adequately compensate Plaintiff for VW Group's infringement, an accounting of all infringing sales including, but not limited to, those sales not presented at trial;

D.      That, should VW Group's acts of infringement be found to be willful from the time that VW Group became aware of the infringing nature of its actions, that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284.

E.      An adjudication that one or more claims of the Patents-in-Suit have been infringed, either literally and/or under the doctrine of equivalents, by Audi and/or its customers and that such infringement is willful;

F.      An adjudication that Audi has induced infringement of one or more claims of the Patents-in-Suit by Audi's customers;

G.     An award of damages to be paid by VW Group adequate to compensate Plaintiff for its past infringement and any continuing or future infringement up until the date such judgment is entered, including interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary to adequately compensate Plaintiff for Audi's infringement, an accounting of all infringing sales including, but not limited to, those sales not presented at trial;

H.     That, should Audi's acts of infringement be found to be willful from the time that Audi became aware of the infringing nature of its actions, that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284.

I.     A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining Audi from further acts of infringement with respect to the claims of the Patents-in-Suit;

J.     An adjudication that one or more claims of the Patents-in-Suit have been infringed, either literally and/or under the doctrine of equivalents, by Bentley and/or its customers and that such infringement is willful;

K.     An adjudication that Bentley has induced infringement of one or more claims of the Patents-in-Suit by Bentley's customers;

L.     An award of damages to be paid by Bentley adequate to compensate Plaintiff for its past infringement, including interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary to adequately compensate Plaintiff for Bentley's infringement, an accounting of all infringing sales including, but not limited to, those sales not presented at trial;

M.      That, should Bentley's acts of infringement be found to be willful from the time that Bentley became aware of the infringing nature of its actions, that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284.

N.      That this Court declare this to be an exceptional case and award Plaintiff its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and,

O.      Any further relief that this Court deems just and proper.

\

\

Dated: April 23, 2014

**STAMOULIS & WEINBLATT LLC**

*/s/ Stamatios Stamoulis*
Stamatios Stamoulis (#4606)
stamoulis@swdelaw.com
Richard C. Weinblatt (#5080)
weinblatt@swdelaw.com
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, Delaware 19809
Telephone: (302) 999-1540

**HENINGER GARRISON DAVIS, LLC**
Steven W. Ritcheson, *Pro Hac Vice* anticipated
9800 D Topanga Canyon Blvd. #347
Chatsworth, California  91311
Telephone: (818) 882-1030
Facsimile: (818) 337-0383
Email: swritcheson@hgdlawfirm.com

**HENINGER GARRISON DAVIS, LLC**
Maureen V. Abbey, *Pro Hac Vice* anticipated
220 St. Paul Street
Westfield, New Jersey 07090
Telephone: (908) 379-8475
Facsimile: (205) 326-3332
Email: maureen@hgdlawfirm.com

**Attorneys for Plaintiff Joao Control &
Monitoring Systems, LLC**